**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

CAROLYN WRIGHT,
*individually and on behalf of all others similarly situated,*

Plaintiff,

v.

CAPELLA EDUCATION COMPANY and CAPELLA UNIVERSITY, INC.,

Defendants.

Case No. 18-cv-1062 (WMW/ECW)

**ORDER**

---

This matter is before the Court upon the parties' Joint Motion Regarding Continued Sealing (Dkt. 194) pursuant to Local Rule 5.6(d) concerning documents filed under seal (Dkts. 134, 134-1, 137, 143, 143-1, 146, 147, 148, 149, 150, 151, 157, 160, 161, 163, 163-1, 166, 167, 168, 169, 170, 171, 172, 173, 174, 184, 184-1, and 187). These documents were filed in relation to Defendants' Motion for Entry of a Protective Order (Dkt. 120) ("Motion for Protective Order"), Plaintiff Maurice Ornelas's Motion to Compel Documents from Defendants Capella Education Company and Capella University, Inc. (Dkt. 132) ("Motion to Compel"), and Plaintiff Maurice Ornelas's Motion to De-Designate Initial Emails from Defendants Capella Education Company and Capella University, Inc. (Dkt. 141) ("Motion to De-Designate"), which the Court decided on October 27, 2020 (Dkt. 228).

The parties agree that Docket Entries 134, 134-1, 143-1, 160, 163-1, and 184-1 should be unsealed. With respect to the remaining Docket Entries, the parties either

agree that the documents should remain sealed, in whole or in part, or disagree with respect to continued sealing.

"The fact that a document has been designated as confidential under a protective order alone is not a valid basis to keep the document under seal indefinitely for the purposes of Local Rule 5.6(d), which governs motions for further consideration of sealing in this District." *Nagel v. United Food & Com. Workers Union*, No. 18-CV-1053 (WMW/ECW), 2020 WL 6145111, at *1 (D. Minn. Oct. 20, 2020) (citing *Micks v. Gurstel Law Firm, P.C.*, No. 17-CV-4659 (ECT/ECW), 2019 WL 220146, at *1 (D. Minn. Jan. 16, 2019)). American courts "recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) (footnote omitted); *see also Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006) ("The common law right of public access to judicial documents is firmly rooted in our nation's history."); *Brown v. Advantage Eng'g, Inc.*, 960 F.2d 1013, 1016 (11th Cir. 1992) ("Once a matter is brought before a court for resolution, it is no longer solely the parties' case, but is also the public's case."). As the Eighth Circuit has held:

> There is a common-law right of access to judicial records. . . . This right of access bolsters public confidence in the judicial system by allowing citizens to evaluate the reasonableness and fairness of judicial proceedings, and "to keep a watchful eye on the workings of public agencies." It also provides a measure of accountability to the public at large, which pays for the courts.

*IDT Corp. v. eBay*, 709 F.3d 1220, 1222 (8th Cir. 2013) (citations omitted).

"'This right of access is not absolute, but requires a weighing of competing interests.'" *Feinwachs v. Minn. Hosp. Ass'n*, No. 11-cv-8 (JRT/SER), 2018 WL 882808,

at *3 (D. Minn. Feb. 13, 2018) (quoting *Webster Groves Sch. Dist. v. Pulitzer Pub. Co.*, 898 F.2d 1371, 1376 (8th Cir. 1990)).  According to the Eighth Circuit:

> Where the common-law right of access is implicated, the court must consider the degree to which sealing a judicial record would interfere with the interests served by the common-law right of access and balance that interference against the salutary interests served by maintaining confidentiality of the information sought to be sealed. . . .  The decision as to access is one best left to the sound discretion of the trial court in light of the relevant facts and circumstances of the particular case.

*IDT* 709 F.3d at 1223 (cleaned up); *see also Feinwachs*, 2018 WL 882808, at *3. "The presumptive right of access is further heightened in class action suits where members of the public are involved." *Nagel*, 2020 WL 6145111, at *2 (citing *In re McCormick & Co., Pepper Prod. & Sales Practices Litig.*, 316 F. Supp. 3d 455, 462 (D.D.C. 2018)).

While Local Rule 5.6 does not explicitly set forth the applicable standard when determining if a document should remain sealed, the 2017 Advisory Committee Note to Rule 5.6 provides guidance similar to the Eighth Circuit in *IDT*, *supra*, by requiring this Court to balance parties' interests in maintaining the confidentiality of documents with the public's right of access:

> [P]arties have been filing too much information under seal in civil cases . . . .  As a general matter, the public does not have a right of access to information exchanged in discovery; thus, protective orders are often quite broad, covering entire documents or sets of documents produced during discovery, even when most or all of the contents are not particularly sensitive.  But the public does have a qualified right of access to information that is filed with the court.  Even if such information is covered by a protective order, that information should not be kept under seal unless a judge determines that a party or nonparty's need for confidentiality outweighs the public's right of access.

D. Minn. LR 5.6(d) *advisory committee's note*.

In evaluating whether to unseal judicial documents, courts in the District of Minnesota have utilized the six-factor balancing test outlined in *United States v. Hubbard*, 650 F.2d 293, 318 (D.C. Cir. 1980).  *See Krueger v. Ameriprise Fin., Inc.*, No. CV 11-2781, 2014 WL 12597948, at *10 (D. Minn. Oct. 14, 2014).  These six factors are:

> (1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings.

*Id.* at *10-11 (citation omitted).  The Court looks to see if compelling reasons have been provided to overcome the presumption that court documents should be public record when applying the six-factor test. *Id.* at *11.

Docket Entries 137, 147, 148, 150, 151, 167, 168, 169, 170, 171, and 172 contain emails from Capella[1] recruiters to prospective students, some with attachments about Capella's programs, and show the prospective students' names and email addresses. With respect to these documents, the parties agree that "the names and email addresses of the email recipients should remain sealed," "[p]ursuant to a compromise between the parties," and "Capella further notes that this document contains information designated by Capella as confidential under a protective order in this case." (Dkt. 194 at 2, 4, 5, 6, 10, 11, 12 (Defendants citing Dkt. 77 (Stipulation Regarding Confidentiality) and Dkt. 81

---

[1]     "Capella" and "Defendants" refer collectively to Defendants Capella University, LLC and Capella Education Company.

(granting Stipulation at Dkt. 77)).)[2] The fact that a document has been designated as confidential under a protective order alone is not a valid basis to keep the document under seal indefinitely for the purposes of Local Rule 5.6(d), and any agreement by the parties on sealing is not necessarily relevant to the question of whether documents ought to be sealed in light of the common law right of access to judicial records. Nonetheless, based on the Court's review of the documents and the applicable legal standard, the Court concludes that the need to maintain the personal information of non-party prospective students in these docket entries under seal outweighs the public's right of access. *See* Fed. R. Civ. P. 5.2; L. R. D. Minn. 5.6(d) *advisory committee's note*; *IDT*, 709 F.3d at 1224. The proposed redactions for these documents are appropriate and consistent with the Court's conclusion here. (*See* Dkts. 195-1, 195-3, 195-4, 195-5, 195-6, 195-7, 195-8, 195-9, 195-10, 195-11, 195-12; *see also* Dkt. 228 at 29-36 (Court's Order on the Motion to De-Designate addressing emails like those at issue here and ordering Defendants to produce the emails with no confidentiality designation but from which personal identifying information is redacted).)

The parties disagree in part with respect to Docket Entry 173. (*See* Dkt. 194 at 12.) This document is another email from a Capella recruiter to a prospective student that shows the prospective student's name and email address, with several attachments about Capella's programs. The parties make the same representations as those made regarding the emails considered above—that the recipient name and email should remain sealed

---

2 Unless otherwise noted, all page numbers refer to the CM/ECF pagination.

pursuant to a compromise between the parties and that Capella notes the document contains information designated by Capella as confidential—but Defendants additionally "assert[] that the information on pages 5–9 related to Capella's proprietary dissertation structure and process should remain sealed" and notes that the document contains "'commercial information which is not publicly known and is of . . . commercial advantage' to Capella." (*Id.* (citing Dkts. 77, 81).) As for the emails addressed above, the Court concludes that the need to maintain the personal information of a prospective student in this docket entry under seal outweighs the public's right of access. The Court is unpersuaded that the additional information Defendants identify ("pages 5–9 related to Capella's proprietary dissertation structure and process") should remain sealed. Nothing in this email or its attachments instructs the recipient to not share the information contained therein, and the attachments, including pages 5 through 9, appear to constitute fairly generic descriptions of a Doctor of Philosophy degree, tips for conducting the required research, and Capella's process, none of which meaningfully differ from publicly available documents on Capella's website. *E.g.*, https://www.capella.edu/capella-experience/doctoral-journey/ (last visited Mar. 5, 2021); http://www.capella.edu/phdtimeline/index.html (last visited Mar. 5, 2021); http://www.capella.edu/phdtimeline/milestones/transcript.html?width=505&height=604 (last visited Mar. 5, 2021). The Court finds that pages 5 through 9 of Docket Entry 173 do not meet the standard for sealing and shall be unsealed in accordance with Local Rule 5.6. *See Nagel*, 2020 WL 6145111, at *3 (ordering unsealing of document sent to pension members with no instruction not to share the information, despite defendants' contention that the document

contained confidential collective bargaining strategy and proposal formulation information). The proposed redaction at Docket Entry 195-13 is not consistent with the Court's conclusions here, so the parties should file a redacted version of Docket Entry 173 that is consistent with this Order.

Docket Entries 143, 146, 149, 157, 161, 163, 166, and 174 are internal Capella documents; excerpts from the deposition of Anthony Martin, Capella's Rule 30(b)(6) deponent; an affidavit of Anthony Martin; and several memoranda, filed by both parties, quoting from those materials. (*See* Dkt. 194 at 3-5, 7-10, 13.) Plaintiff contends that these documents should be unsealed, except for Docket Entry 161 (which is Exhibit E to Plaintiff's opposition to Defendants' Motion for Protective Order (Docket Entry 157)), which the parties agree should remain sealed. (*Id.*) However, Plaintiff contends that the quotations from Docket Entry 161 in Plaintiff's opposition at Docket Entry 157 should be unredacted. (*Id.* at 7.) As to the other documents, Capella contends that they should remain sealed, some in their entirety and some in part. (*Id.* at 3-5, 8-10, 13.) The reason Capella offers for the continued sealing of these documents is that "[t]he document contains information designated as confidential under a protective order in this case, including 'commercial information which is not publicly known and is of . . . commercial advantage' to Capella." (*Id.* (citing Dkts. 77, 81).) Once again, the fact that a document has been designated as confidential under a protective order alone is not a valid basis to keep the document under seal indefinitely. Moreover, having reviewed the documents and Capella's descriptions of the information to be sealed, the Court, for the most part, finds Capella's reasoning unpersuasive. The information Capella asserts provides a

commercial advantage simply does not appear to provide any such advantage, and Capella has not sufficiently explained this purported advantage and why it outweighs the public's right of access.

With respect to Docket Entry 157, which is Plaintiff's opposition to Defendants' Motion for Protective Order, Capella argues that portions of pages 9-11 and 18-19, which quote or reference documents produced by Capella and are designated as CONFIDENTIAL (including Docket Entry 161), should remain sealed. (Dkt. 194 at 7.) The information at issue on pages 9-11 and 18-19 quotes from or references documents describing Capella's graduation rate, the student loan debt incurred by Capella's students, and the Stafford loan eligibility of Capella's students generally. (*See* Dkt. 157 at 13-15.) Capella asserts this information is confidential and provides Capella with a commercial advantage, but has not provided any explanation of the commercial advantage the information provides or why its disclosure would be prejudicial to Capella. The information at issue was introduced for purposes of supporting Plaintiff's contention that certain statements made on Plaintiff's counsel's websites are true. (*See id.* at 10-15, 22-23 n.7.) Based on the record, the strength of any property and privacy interests asserted is weak, as is the possibility of prejudice, and the documents were introduced in response to a motion seeking to restrict Plaintiff's counsel's public statements about this lawsuit. Weighing these factors, the Court concludes that this information as quoted and referenced in Docket Entry 157 should also not remain under seal. Further, as no party argued that the redacted information on pages 8 and 12 of the opposition should remain under seal, the Court finds that Docket Entry 157 in its entirety should be unsealed. For

these reasons, the Court concludes that Docket Entries 143, 149, 157, 163, 166, and 174 should be unsealed.

The Court turns to Docket Entries 146 and 161.  Docket Entry 146 is a string of mostly internal emails between Capella enrollment counselors that includes an email to a prospective student and shows that individual's name and email address.  (*See* Dkt. 146 at 2-3.)  As the Court concludes above regarding emails to prospective students, the need to maintain the personal information of non-party prospective students in this docket entry under seal outweighs the public's right of access.  *See* L. R. D. Minn. 5.6(d) *advisory committee's note*; *IDT*, 709 F.3d at 1224.  However, the Court rejects Capella's argument that the entire document should remain sealed, as Capella has not identified anything in the internal emails that would actually provide the asserted "commercial advantage."  As such, Docket Entry 146 will remain sealed, with an appropriately redacted copy from which the prospective student's name and email address are redacted (similar to the proposed redactions for Docket Entry 137) to be filed.

Docket Entry 161 is an internal Capella presentation, which the parties agree should remain sealed and which Capella describes as "including proprietary information on financial counseling strategy."  (Dkt. 194 at 8.)  Although the document's confidentiality designation standing alone is, again, not enough to justify sealing, Capella's "commercial advantage" argument is more supportable.  Unlike the information in the emails previously considered, this presentation appears to be entirely internal to Capella and discusses internal data and strategy.  (*See* Dkt. 161.)  Plaintiff's opposition to the Motion for Protective Order only refers to a portion of one slide of the

twenty-four slides in the document, so most of this document was not pertinent to the Motion for Protective Order. (*See* Dkt. 157 at 13-14, 22 n.7 (citations to Ex. E).) The Court's Order on the Motion for Protective Order did not rely on this document. (*See* Dkt. 228.) Based on the parties' representations and agreement, and the Court's review of the document, the Court concludes that the need to maintain the information in this Docket Entry under seal outweighs the public's right of access. *See* D. Minn. LR 5.6(d) *advisory committee's note*; *IDT*, 709 F.3d at 1224.

Docket Entries 184 and 187 are Capella's opposition to the Motion to Compel and an affidavit submitted with that memorandum that include information about Capella's discovery costs. (*See* Dkt. 194 at 14-15.) Plaintiff contends these documents should be unsealed. (*Id.*) Defendants contend "that the information related to Capella's costs or potential costs incurred, . . . should remain sealed" because the information is designated as confidential under the case's protective order and "includ[es] sensitive and potentially prejudicial information regarding discovery practices in this ongoing litigation." (*Id.*) The Court is unpersuaded. First, of course, the fact that a document has been designated as confidential under a protective order alone is not a valid basis to keep the document under seal indefinitely. Second, Capella provides no authority for the proposition that information about litigation costs should be sealed. Third, cost is in fact one of the factors for determining whether discovery is proportional to the needs of a case. *See* Fed. R. Civ. P. 26(b) (whether expense of proposed discovery outweighs its likely benefit). Capella's arguments about the cost of the discovery sought in the Motion to Compel is therefore highly relevant to the decision on that motion and so should be public

information. Given the lack of a strong interest in keeping the information confidential, weighed against the fact that the Court was required to analyze the information as part of its Order on the Motion to Compel, the Court finds that Docket Entries 184 and 187 should be unsealed in order to allow the public to fully understand the Court's ruling.

**ORDER**

Based upon on the motion and the documents filed under seal, as well as all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that the parties' Joint Motion Regarding Continued Sealing (Dkt. 194) is **GRANTED** in part and **DENIED** in part as follows:

1. Docket Nos. 134, 134-1, 143, 143-1, 149, 157, 160, 163, 163-1, 166, 174, 184, 184-1, and 187 will be **UNSEALED** in accordance with the Local Rules.

2. Docket Nos. 137, 146, 147, 148, 150, 151, 161, 167, 168, 169, 170, 171, 172, and 173 will remain **SEALED**.

3. Docket Nos. 195-1, 195-3, 195-4, 195-5, 195-6, 195-7, 195-8, 195-9, 195-10, 195-11, and 195-12 are accepted as publicly filed redacted copies of sealed Docket Nos. 137, 147, 148, 150, 151, 167, 168, 169, 170, 171, and 172, respectively.

4. The parties shall file publicly with the Court redacted copies of Docket Nos. 146 and 173 within twenty-eight (28) days of this Order, in manner that is consistent with this Order, unless an objection is filed related to these documents.

DATED: March 8, 2021

*s/Elizabeth Cowan Wright*
ELIZABETH COWAN WRIGHT
United States Magistrate Judge