UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Carolyn Wright et al., | Case No. 18-cv-1062 (WMW/ECW) |
| Plaintiffs, | |
| v. | ORDER AFFIRMING MAGISTRATE JUDGE'S ORDER |
| Capella University, Inc., and Capella Education Company, | |
| Defendants. | |

This matter is before the Court on Defendants Capella University, Inc., and Capella Education Company's appeal of the April 2, 2021 Order of United States Magistrate Judge Elizabeth Cowan Wright. (Dkt. 268.) The April 2, 2021 Order granted in part and denied in part Plaintiff Maurice Jose Ornelas's motion for leave to file a second amended class action complaint. For the reasons addressed below, the Court affirms the April 2, 2021 Order.

BACKGROUND

Defendants are Capella Education Company and Capella University, Inc. (collectively "Capella"), both of which are Minnesota corporations that operate a for-profit university. Plaintiffs are current and former doctoral students of Capella.

Plaintiffs commenced this lawsuit on April 20, 2018, alleging claims against Defendants for a fraudulent scheme in which Defendants misrepresented to prospective students the time and cost to complete Capella's educational programs. Plaintiffs

subsequently filed a First Amended Complaint (FAC).  On May 6, 2019, the Court granted in part and denied in part Defendants' motion to dismiss the FAC.  The Court dismissed all of the named plaintiffs except Ornelas, leaving him as the sole remaining putative class representative.

On October 5, 2020, Ornelas moved to amend the FAC.  The proposed Second Amended Complaint (SAC) seeks to remove allegations pertaining to the former plaintiffs whose claims were dismissed, add six new plaintiffs and add claims against Defendants pertaining to the new plaintiffs.  On April 2, 2021, the magistrate judge granted in part and denied in part Ornelas's motion.  The magistrate judge found that Ornelas had not unduly delayed filing his motion and that the proposed amendments are not unduly prejudicial to Defendants.  Relevant to this Order, the magistrate judge found that Ornelas's graduation-rate-misrepresentation claims are not futile.  And the magistrate judge found that the claims of proposed Plaintiffs April Powers and Jennifer Proffitt are not futile.

Defendants appeal the April 2, 2021 Order, arguing that the magistrate judge erred by finding that the proposed graduation-rate-misrepresentation claims are not futile.  Defendants also appeal the magistrate judge's decision to allow Powers to plead a claim based on the Idaho Consumer Protection Act (ICPA), Idaho Code § 48-608, and Proffitt to plead a claim based on the Michigan Consumer Protection Act (MCPA), 1976 Mich. Pub. Acts 331.  Ornelas argues that the Court should affirm the magistrate judge's April 2, 2021 Order.

## ANALYSIS

The standard of review that applies to a magistrate judge's ruling on a nondispositive issue is "extremely deferential." *Scott v. United States*, 552 F. Supp. 2d 917, 919 (D. Minn. 2008). Such a ruling will be modified or set aside only if it is clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); LR 72.2(a)(3); *see also Ferguson v. United States*, 484 F.3d 1068, 1076 (8th Cir. 2007). A ruling is clearly erroneous when the reviewing court "is left with the definite and firm conviction that a mistake has been committed." *Wells Fargo & Co. v. United States*, 750 F. Supp. 2d 1049, 1050 (D. Minn. 2010) (internal quotation marks omitted). When a court "fails to apply or misapplies relevant statutes, case law or rules of procedure," its decision is contrary to law. *Id.* (internal quotation marks omitted).

Generally, a magistrate judge's ruling on a nondispositive motion is subject to the extremely deferential standard addressed above. However, "when a magistrate judge denies leave to amend a pleading because the proposed amendment would be futile, the magistrate judge's ruling is reviewed de novo." *Selective Ins. Co. of S.C. v. Sela*, 353 F. Supp. 3d 847, 852 (D. Minn. 2018); *see also Magee v. Trs. of Hamline Univ.*, 957 F. Supp. 2d 1047, 1062 (D. Minn. 2013). In circumstances like this one, when a defendant appeals the magistrate judge's decision to grant leave because the proposed amendment is *not* futile, courts also conduct a de novo review. *See Selective Ins.*, 353 F. Supp. 3d at 852–53.

3

### I.     Graduation-Rate-Misrepresentation Claims

The magistrate judge determined that Ornelas's graduation-rate-misrepresentation claims are not futile based on the allegations in the proposed SAC. Defendants contend that the graduation-rate-misrepresentation claims are futile and do not plausibly allege fraud.

A complaint must allege sufficient facts that, when accepted as true, state a facially plausible claim to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When determining whether a complaint states a plausible claim, a district court accepts as true all factual allegations in the complaint and draws all reasonable inferences in the plaintiff's favor. *Blankenship v. USA Truck, Inc.*, 601 F.3d 852, 853 (8th Cir. 2010). When alleging fraud, a plaintiff must "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Rule 15 "requires the court to 'freely give leave' to amend 'when justice so requires.'" *Shank v. Carleton Coll.*, 329 F.R.D. 610, 613 (D. Minn. 2019) (quoting Fed. R. Civ. P. 15(a)(2)). "A motion to amend *may* be denied for compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." *Id.* at 613 (emphasis added) (internal quotation marks omitted). However, "a motion to amend should be denied on the merits only if it asserts clearly

4

frivolous claims or defenses." *Becker v. Univ. of Neb., at Omaha*, 191 F.3d 904, 908 (8th Cir. 1999) (internal quotation marks omitted).

Defendants dispute three misrepresentations alleged in the SAC:

- "Our typical learner will complete their PhD program in 3 years, plus or minus one quarter, by averaging 2 courses per quarter."

- "Typical time to completion is anywhere from 3.5 to 5.5 years to complete; 4 to 4.5 is average."

- A commonly used form email provided that the "average degree completion" time is within a range of 2–4 years.

First, Defendants argue that none of these statements makes "any representations—implicit or explicit—that the 'average' or 'typical' learner graduates, and none contains any promise that 'more than 50% of' doctoral students graduate." Plaintiffs counter, and the magistrate judge found, that the plain language of the alleged misrepresentations is sufficiently deceptive to state a non-frivolous claim for relief.[1] The Court agrees. The plain language of the alleged misrepresentations plausibly suggests that the "average" or "typical" student will complete a program in a certain amount of time, meaning that the "average" or "typical" student actually graduates. Because the SAC also plausibly alleges that the average Capella student did not graduate, as addressed below, the allegations

---

[1] The magistrate judge concluded that "[c]ommon sense leads the Court to conclude that a representation that the 'average' or 'typical' doctoral student completes a program in a certain amount of time is a representation that the 'average' or 'typical' doctoral student actually graduates from that program. Otherwise, how would she ever complete the program?"

pertaining to Capella's misrepresentations are not "clearly frivolous." *Becker*, 191 F.3d at 908.

Defendants next argue that the SAC fails to plausibly allege facts demonstrating that "less than 10% of [Capella University's] doctoral student population graduates with a doctoral degree." The SAC alleges that Capella's graduate student-body population consists of approximately 12,000 students each year and, based on Capella's August 2010 and March 2011 commencement ceremonies, only 1,109 doctoral students graduated during the 2010–2011 school year. According to the SAC, these numbers reflect a 9.24 percent graduation rate. The magistrate judge relied on this allegation to support her conclusion that Ornelas has alleged sufficient facts to plausibly allege that Capella's representations were false.

However, the calculation in the SAC fails to account for the fact that the 12,000 enrolled doctoral students are at varying stages of degree completion. For example, using the logic advanced in the SAC, if a hypothetical 4-year undergraduate program included 3,000 freshmen, 3,000 sophomores, 3,000 juniors, and 3,000 seniors, the university would have 12,000 students. And if 1,109 students were to graduate at the end of the academic year, the graduation rate would be approximately 37 percent, *not* less than 10 percent as alleged in the SAC. Therefore, the SAC's allegation that less than 10 percent of Capella's doctoral students graduate is inconsistent with the facts alleged. But for the reasons addressed below, this inconsistency does not make the SAC's allegations frivolous.

The SAC alleges that Capella represented that it takes 3 years to 5.5 years to complete a doctoral program. Assuming an even distribution of students across class years, if there are 12,000 doctoral students enrolled each year, and it takes between 3 years and 5.5 years to complete the doctoral program, then a 100 percent graduation rate would result in between 2,182 and 4,000 doctoral students graduating each year. If, as the SAC alleges, only 1,109 doctoral students graduated in a given year, then Capella's actual graduation rate would be between 27.7 percent and 50.8 percent. Drawing all reasonable inferences in favor of Plaintiffs, if Capella's graduation rate is as low as 27.7 percent, this fact plausibly supports Plaintiffs' claim that Capella's representations as to "average" or "typical" doctoral students are false. Plaintiffs' graduation-rate-misrepresentation allegations, therefore, are not frivolous. The magistrate judge correctly granted Ornelas's motion to amend the complaint as to the graduation-rate-misrepresentation allegations because those allegations are not "clearly frivolous." *Becker*, 191 F.3d at 908.

Having performed a de novo review, the Court affirms the magistrate judge's April 2, 2021 Order to the extent that it granted Ornelas's motion to amend the complaint to add graduation-rate-misrepresentation claims.

## II.     ICPA and MCPA Claims

The magistrate judge also concluded that proposed Plaintiffs Powers and Proffitt may allege claims under the ICPA and MCPA, respectively. Defendants argue that both of the proposed Plaintiffs' claims are futile because those claims fail as a matter of law.

Ornelas contends that, because Defendants did not properly raise these issues before the magistrate judge, these issues are not properly before the Court on appeal.

A party cannot raise arguments before the district judge that it failed to present to the magistrate judge, parties "must take before the magistrate, not only their best shot but all of their shots." *Ridenour v. Boehringer Ingelheim Pharms., Inc.*, 679 F.3d 1062, 1067 (8th Cir. 2012) (internal quotation marks omitted) (quoting *Borden v. Sec'y of Health & Hum. Servs.,* 836 F.2d 4, 6 (1st Cir. 1987)); *see also Grant v. Shalala*, No. 93-CV-0124E(F), 1995 WL 322589, at *2 (W.D.N.Y. Mar. 13, 1995) (warning district courts not to consider arguments raised for the first time on appeal because that "would allow every party to simply decline to present his or her case before a Magistrate Judge, await the result of that adjudication and, thereafter and only if necessary, expend the resources needed to file objections in the District Court"). Any arguments that were not presented before the magistrate judge are waived, and the district court may properly refuse to consider new arguments. *See Ridenour*, 679 F.3d at 1067.

The magistrate judge expressly observed in the April 2, 2021 Order that Defendants' arguments as to the ICPA and MCPA were not fully briefed, and she concluded that "Defendants may raise those arguments in a motion to dismiss, should they choose to bring one, or a motion for summary judgment." Because Defendants' arguments were not fully presented to the magistrate judge, the Court declines to address them in an appeal of the magistrate judge's order. Accordingly, the magistrate judge's ruling permitting proposed

Plaintiffs Powers and Proffitt to allege claims under the ICPA and MCPA, respectively, is affirmed.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that the April 2, 2021 Order, (Dkt. 250), is **AFFIRMED**.

Dated:  September 22, 2021                                       s/Wilhelmina M. Wright
                                                                                                Wilhelmina M. Wright
                                                                                                United States District Judge